IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BROOKLYNN OGLESBY,

    *Plaintiff*,

v.                                                Civil Action no.  5:21-cv-00221

FLYNN RESTAURANT GROUP LP;
PAN AMERICAN GROUP LLC; and
PAN PENNSYLVANIA LLC, d/b/a
Panera Bread,

    *Defendants.*

## COMPLAINT

Plaintiff Brooklynn Oglesby, by counsel, states as follows for her complaint against defendants Flynn Restaurant Group LP, Pan American Group LLC, and Pan Pennsylvania LLC.

## PARTIES

1. Brooklynn Oglesby was, at all relevant times, a citizen and resident of Raleigh County, West Virginia.

2. Flynn Restaurant Group LP is a Delaware limited partnership whose partners are of unknown citizenship and residence.

3. Pan American Group LLC is a Delaware limited liability company whose members include Flynn Restaurant Group LP and other members of unknown citizenship and residence, to the extent there are any.

4. Pan Pennsylvania LLC is a Delaware limited liability company whose only member, upon information and belief, is Pan American Group LLC.

5. Upon information and belief, Flynn Restaurant Group LP controls the employment practices and decisions of Pan American Group LLC and Pan Pennsylvania LLC.

6. Upon information and belief, Pan American Group LLC controls the employment practices and decisions of Pan Pennsylvania LLC.

7. Upon information and belief Flynn Restaurant Group LP, Pan American Group LLC, and Pan Pennsylvania LLC maintain significantly interrelated operations, are under common management, maintain centralized management over labor and employment relations, and are under common ownership or financial control.

## JURISDICTION AND VENUE

8. This court has personal jurisdiction over this matter because the events forming its basis occurred in the Southern District of West Virginia.

9. This court has subject-matter jurisdiction over this matter under 28 U.S.C. § 1331 because of federal questions, and under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between Plaintiff and Defendants.

10. Venue is proper in this court under 28 U.S.C. § 1391(b) because the events or omissions giving rise to this claim occurred in the Southern District of West Virginia.

## BACKGROUND

11. Oglesby began working for Flynn Restaurant Group LP; Pan American Group LLC; and Pan Pennsylvania LLC, d/b/a Panera Bread (together, "Panera Bread"), on or around June 13, 2017.

12. Oglesby worked for Panera Bread at its Raleigh County, West Virginia, location.

13. Oglesby's position with Panera Bread was that of certified trainer.

14. In early March 2020, Oglesby was approximately seven months pregnant.

15. Around that time, Oglesby began experiencing pregnancy complications that made doing her job difficult.

16. On March 12, Oglesby was hospitalized because of her pregnancy complications, culminating in a stillbirth.

17. Oglesby's pregnancy complications, hospitalization, and recovery required her to miss work.

18. Oglesby kept Panera Bread continually informed of her condition.

19. On March 25, Panera Bread furloughed Oglesby and directed her to file for unemployment benefits.

20. Panera Bread then challenged Oglesby's unemployment benefits claim.

21. Panera Bread argued to the unemployment benefits office that it terminated Oglesby's employment around the time she was hospitalized because, according to Panera Bread, she quit and abandoned her job.

22. Panera Bread's proffered reasons for terminating Oglesby's employment are false and mere pretext for unlawful motives.

**COUNT I—DISABILITY DISCRIMINATION IN VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT**

23. Oglesby incorporates the preceding paragraphs herein.

24. Panera Bread fired Oglesby because of her disability, either real or perceived by Panera Bread, in violation of the West Virginia Human Rights Act ("HRA"), W. Va. Code § 5-11-9.

## COUNT II—FAILURE TO ACCOMMODATE
## IN VIOLATION OF THE HRA

25. Oglesby incorporates the preceding paragraphs herein.

26. Panera Bread failed to provide Oglesby with a reasonable accommodation to otherwise discharge its duties related to providing a reasonable accommodation in violation of the HRA.

## COUNT III—GENDER DISCRIMINATION IN VIOLATION OF THE HRA

27. Oglesby incorporates the preceding paragraphs herein.

28. Panera Bread fired Oglesby because of her gender and reasons related to her gender in violation of the HRA.

## COUNT IV—VIOLATION OF THE PREGNANT
## WORKERS FAIRNESS ACT

29. Oglesby incorporates the preceding paragraphs herein.

30. Panera Bread engaged in the unlawful employment practices under the Pregnant Workers Fairness Act, W. Va. Code § 5-11B-2.

## COUNT V—INTERFERENCE WITH RIGHTS UNDER
## THE FAMILY AND MEDICAL LEAVE ACT

31. Oglesby incorporates the preceding paragraphs herein.

32. Oglesby was entitled to rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, including medical leave, because of her conditions described herein.

33. Panera Bread failed to discharge its obligations under the FMLA and the FMLA's implementing regulations.

34. Panera Bread interfered with Oglesby's rights under the FMLA.

35. Panera Bread's interference with Oglesby's FMLA rights resulted in her termination from employment.

### COUNT VI—DISCRIMINATION/RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

36. Oglesby incorporates the preceding paragraphs herein.

37. Oglesby engaged in protected activity under the FMLA.

38. Panera Bread terminated Oglesby's employment because she engaged in protected activity under the FMLA.

### COUNT VII—COMMON LAW WRONGFUL DISCHARGE

39. Oglesby incorporates the preceding paragraphs herein.

40. Each statute and cause of action referenced in this complaint constitutes substantial public policy of the State of West Virginia.

41. Panera Bread wrongfully terminated Oglesby's employment in contravention or violation of each of these substantial public policies.

WHEREFORE, Oglesby requests judgment against Panera Bread as follows:

    a. Compensatory damages, including lost wages and benefits;

    b. Front pay;

    c. Consequential damages;

    d. Emotional distress and loss of dignity damages;

    e. Annoyance and inconvenience damages;

    f. Punitive damages;

    g. Attorney fees and costs;

      h.      Pre- and post-judgment interest on all amounts; and

      i.      Such further relief as the Court deems appropriate.

Oglesby demands a jury trial.

> BROOKLYNN OGLESBY,
>
> Plaintiff.
>
> By Counsel:
>
> _/s/ Richard W. Walters_
> Richard W. Walters (WVSB #6809)
> rwalters@shafferlaw.net
> Carl W. Shaffer (WVSB #13260)
> cshaffer@shafferlaw.net
> SHAFFER & SHAFFER, PLLC
> P.O. Box 3973
> Charleston, West Virginia 25339
> Tel: 304.344.8716